FRANCISCO DE DIEGO, Appellant, v. REGISTRAR OF GUAYAMA, Respondent.

No. 631. Submitted March 27, 1926.—Decided April 20, 1926.

*C. Domínguez Rubio* for the appellant.   The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

A deed of cancellation was presented in the Registry of Property of Guayama and the registrar refused to record it "because the powers stated in said document in its pertinent or substantial part are insufficient to authorize a cancellation."

In the deed of cancellation the appellant appears as attorney in fact of Hipólito and Rosario Rubio y Gavira who confer on him such representation separately, but in more or less identical terms.

The clause in the power of attorney executed by Hipólito Rubio reads as follows:

"Hipólito Rubio Gavira appears herein as heir of his father, Antonio Rubio y Ruiz, who died in Sevilla on November 28, 1918, and confers on Francisco de Diego, of age, a tradesman and resident of Porto Rico, as ample, firm, special and sufficient power as required by law, and as necessary to enable him to collect whatever sums he is entitled to receive as such heir of his said father, either as rents, interest or for any other consideration, and to execute all documents, receipts or letters of payment required from him for such purpose, and to manage and rent the property of his said deceased father, since the power required by the attorney in fact appointed is likewise given and conferred on him without any limitation."

The appellant contends that the authority which the power of attorney gives to him to receive money in payment of rents or in any other character and to sign therefor such documents, receipts and releases as may be required are phrases sufficient to include therein the power to cancel mortgages. Following the argument of the appellant, it may be seen that an extensive interpretation must be given to the power of attorney to say that it includes the authority to cancel mortgages, which is contrary to the established doctrine that the interpretation must be restrictive. He

admits that the power of attorney could have been clearer, showing that there is no express power to cancel. Section 1615 of the Civil Code, in its second paragraph, provides that "in order to compromise, alienate, mortgage, or to execute any other act of strict ownership an express commission is required," and it has been held repeatedly, both by this court and by the Spanish authorities, that the cancellation of a mortgage is a real alienation and can not be executed under a power of attorney without an express commission. *Benítez* v. *Registrar,* 17 P.R.R. 221; *Santini* v. *Registrar,* 23 P.R.R. 305. In these cases the powers of attorney interpreted were drafted in terms more or less similar to those being considered in this appeal.

■ On the other hand, the definition of "letter of payment" quoted by the appellant from 5 Seix, *Enciclopedia Jurídica,* 570, does not cover the cancellation of mortgages. In relation to the registry something else is required. The cancellation of the lien in the registry must be consented to by the creditor, and this is clearly explained by the following citations:

"If in the power of attorney executed in favor of a certain person he is given, among other powers, that of giving receipts and letters of payment for the amount collected on loans, but not the power to consent to the cancellation of property rights, and the attorney in fact executes a deed for cancelling a mortgage, it is evident that the deed can not be recorded in the registry without going beyond the powers given and without violating the provision of section 82 of the law, since the general Administration has declared in many decisions that the power to collect debts and to give receipts is distinct from the power to consent to the cancellation of entries made in the registry, as the Mortgage Law requires for such cancellation not only that the recorded right shall have been extinguished, but that it be judicially decreed or consented to by the person in whose favor the record or entry had been made. (Decision July 19, 1879.)

"According to the settled doctrine of the General Administration, as being a result of the principles established in the Mortgage Law, the acts or contracts by which property rights that have been recorded are extinguished or cancelled are considered as a real alienation and

should be distinguished from those that refer to the collection of debts and the issuance of the necessary receipts, as the power to alienate real property and real property rights is not within the powers of administrators and usufructuaries. (Decision of September 22, 1879.)

"The doctrine laid down in the Decision of July 19, 1879, in regard to the case wherein the attorney in fact, who had been vested only with the power to issue receipts and letters of payment of the amounts collected by him on loans, is not authorized to cancel a mortgage created in favor of his principal, is, by reason of its identity, applicable to the same case where it is clearly and precisely held that the power to collect credits and to issue receipts is distinct from the power to consent to the cancellation of entries made in the books of the registry, since the Mortgage Law requires for such cancellation not only that the recorded right be extinguished, but that it be consented to by the person in whose favor the entry had been made. (Decision of September 24, 1891.)" Odriozola, Dictionary on Mortgage Jurisprudence, pages 906 and 909.

For the foregoing reasons the decision appealed from must be affirmed.